IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CLINTON M. TURNER                                                                         PLAINTIFF

v.                                Civil No.   4:23-cv-04113-SOH-BAB

SHERIFF DANNY MARTIN;
STEVE OTWELL; and                                               DEFENDANTS
KAREN GHORMLEY;

## REPORT AND RECOMMENDATION

This is a civil rights action filed *pro* se by Plaintiff, Clinton M. Turner, under 42 U.S.C. § 1983. Before the Court is Defendants' Motion for Summary Judgment on the limited issue of exhaustion. (ECF Nos. 23, 24, 25). Plaintiff filed a Response. (ECF Nos. 27). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

### I. BACKROUND

Plaintiff is not currently incarcerated, but his Amended Complaint alleges claims involving his incarceration in the Nevada County Detention Center ("NCDC"), in Prescott, Arkansas, during July 2023.

In his Complaint, Plaintiff names Sheriff Danny Martin, Jail Administrator Steve Otwell, and Lieutenant Karen Ghormley as Defendants. (ECF No. 7, pp. 2-3). Plaintiff then asserts one claim against all Defendants: that he was denied visitation with his family after they drove to Prescott, Arkansas from Dallas Texas on three different occasions and he was denied phone

1

privileges. (ECF No. 7, p. 4). Plaintiff did not provide the dates for these denials. Plaintiff also alleges he complained about this issue to the correctional officers, and he keeps "putting in grievances" and "Requests" on the issue. Finally, Plaintiff claims the KIOSK in NCDC must not work because "they dont answer." *Id*. at 5.

Plaintiff asserts his claim against Defendants in both their individual and official capacities. *Id.* Finally, for relief Plaintiff seeks compensatory damages and for Defendants to be "held accountable." *Id*. at 6.

In Defendants' Motion, they argue: Plaintiff failed to exhaust his administrative remedies on his claim by failing to file grievances at the NCDC on the issues raised in his Amended Complaint. (ECF No. 23). Specifically, Defendants assert NCDC has a grievance procedure policy in place for inmates to utilize. Plaintiff had access to the KIOSK which contained copies of the NCDC Grievance Procedure, Detainee Handbook, and access to file requests and grievances. (ECF No. 23-1, p. 1). The NCDC Grievance Procedure requires, in pertinent part:

> All inmates who believe they have been subjected to abuse or an abridgement of their civil rights while being detained shall file a grievance. No adverse action will be taken against any inmate for filing a grievance. A grievance must be submitted within 8 hours of the time the event occurred . . .

(ECF No. 23-1, p. 7). A Grievance is defined by the NCDC Grievance Procedure as:

> A formal written allegation or accusation, suggesting that an inmate has been mistreated, neglected, abused or deprived of something unlawful, or of an action which is in violation of their civil rights or department rules and regulations. A grievance must be in writing. The Grievance should be placed on the kiosk. If the kiosk is unavailable, any detention officer will provide, upon request from any inmate, a grievance form.

(ECF No. 23-1, p. 7).

Defendants also present eleven pages of grievances submitted by Plaintiff during his time at the NCDC. None of these Grievances address the claims raised in Plaintiff's Amended

Complaint. (ECF No. 23-1, pp. 9-20). Accordingly, Defendants argue Plaintiff had access and opportunity to grieve his claims but failed to do so. (ECF No. 24, p. 3).

In Plaintiff's "Response to Motion for Summary Judgment," Plaintiff fails to dispute any of the facts presented by Defendants regarding his failure to comply with the NCDC grievance procedure. (ECF No. 27). Instead, Plaintiff objects to statements made by Defendants in their Answer, (ECF No. 21), and Motion for Leave to File Answer out of Time, (ECF No. 18). Plaintiff argues the merits of his claims and does not address the issue of exhaustion. Further, Plaintiff does not controvert the facts submitted by Defendants in support of the instant Motion. (ECF No. 27).

## II. LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *Nat'l Bank of Comm. v. Dow Chem. Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *Nat'l Bank*, 165 F.3d at 607. "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id*. at 610. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts

for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

Under § 1983, a defendant may be sued in either his personal capacity, or in his official capacity, or claims may be stated against a defendant in both his personal and his official capacities. The type of conduct that is actionable and the type of defense available depend on whether the claim is asserted against a defendant in his official or individual capacity. *See Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998) (internal citations omitted). "Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself." *Id.* Personal capacity claims "are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense" to these individual capacity claims. *Id.* To state a claim under 42 U.S.C. § 1983, Plaintiff must allege that the defendant acted under color of state law, and that the actor violated a right, privilege, or immunity secured by the Constitution. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999).

### III. DISCUSSION

The PLRA mandates exhaustion of available administrative remedies before an inmate files suit. Section 1997e(a) of the PLRA provides: "[n]o action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U. S. C. § 1997e(a) (held unconstitutional on other grounds). Exhaustion is mandatory. *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). In *Jones v. Bock*, 549 U.S. 199 (2007),

the Supreme Court explained that "to properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules." *Id.* at 218 (internal quotation marks and citation omitted). The *Jones* Court stated that the "level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.*

Because Plaintiff does not dispute the facts regarding his failure to exhaust his claims as set out in Defendants' Motion for Summary Judgment, there are no genuine issues of fact in dispute. The record clearly indicates Plaintiff failed to exhaust his administrative remedies here. Plaintiff's Amended Complaint should be dismissed pursuant to the PLRA.

## IV.  CONCLUSION

For the reasons stated above, I recommend Defendants' Motion for Summary Judgment (ECF No. 23) be **GRANTED** and Plaintiff's Amended Complaint be **DISMISSED WITHOUT PREJUDICE**.

**Referral Status**:  **Referral should be terminated**.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 8th day of October 2024.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE